## Borough of Milesburg, Plff. in Err., v. J. Miles Green et al.

The power conferred upon boroughs by the act of May 22, 1883 (Purdon's Digest, 203, pl. 51; P. L. 1883, 39), to order the construction of walks, etc., "upon lands abutting on and along the sides of turnpike roads," does not authorize boroughs to order walks, etc., within the limits of turnpike roads owned and maintained by incorporated companies.

(Argued April 19, 1888. Decided May 14, 1888.) ·

January Term, 1888, No. 242, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to review a judgment of the Court of Common Pleas of Centre County in favor of defendant in a scire facias sur municipal lien, November Term, 1886, No. 16. Affirmed.

The proceeding was instituted against the owner and occupant of land on the side of a turnpike, to compel payment for a a paved sidewalk which the owner had been directed, by a borough ordinance, passed in May, 1886, to build in front of his premises, and which had been constructed by the borough on the owner's refusal so to do.

It appeared that the sidewalk was laid within the limits of the turnpike. It was not shown that there had been any legal acquisition of the turnpike by the borough authorities as a street, although the part of it in question was known as a "street;" and it appeared that the turnpike was owned by and maintained by an incorporated turnpike company.

The borough relied for authority in the premises upon the general borough act of 1851, as amended by the act of May 22,

NOTE.—The act of May 22, 1883, P. L. 39, conferred upon the borough authorities the power to regulate footwalks. Section 11 of the act of May 16, 1891, P. L. 75, empowers the municipal authorities to require sidewalks to be laid and kept in repair, and on the failure, after notice, of the owner to do so, they may have the work done themselves, and file a lien therefor, or collect the expense by action of assumpsit. See Pittsburg v. Daly, 5 Pa. Super. Ct. 528, 28 Pittsb. L. J. N. S. 115, 41 W. N. C. 236.

1883 (Purdon's Digest, 203, pl. 51; P. L. 1883, 39), which provides that boroughs "shall have power to survey, lay out, enact, and ordain footwalks, pavements, gutters, culverts, and drains over and upon the lands abutting on and along the sides of turnpike roads, which may be within the limits of said boroughs, and to fix the size and width thereof, and to require the grading, curbing, and guttering thereof by the owner or owners of land, respectively, fronting thereon, in accordance with the general regulations prescribed."

The court below held that as the borough failed to show any condemnation of the turnpike and its acquisition as a street, it had offered no evidence to sustain its claim, and therefore directed a verdict for the defendant.

The question raised by the assignments of error was whether the act of May 22, 1883, conferred power upon the borough to order the construction of the walks in question.

*D. H. Hastings* and *Wilbur F. Reeder,* for plaintiff in error. —The ruling of the court was based on the fact that there was no offer to show a condemnation of the turnpike by a proceeding in the court of quarter sessions, and an acquisition of the turnpike by the borough authorities. We are at a loss to know how or by what authority a borough could acquire a turnpike; and even if it could do so, how such a proceeding would help the municipality, for after such acquisition it would be purely corporate property. So long as there is no interference with the franchise of a turnpike company the legislature may do with it such things as public convenience require. The legislature may authorize building a railroad on a public road. Danville, H. & W. R. Co. v. Com. 73 Pa. 29, and cases there cited.

In Hoeveler v. Pittsburgh, No. 2, October and November term, 1872 (not reported), the city of Pittsburgh filed a lien for paving the Greensburg turnpike, a toll road belonging to a turnpike corporation. The paving was authorized by special act of April 11, 1866 (P. L. 592), which did not contain any provision for compensation; and this court held the lien good, although Hoeveler had protested against the paving at the time.

*D. S. Keller* and *John G. Love,* for defendants in error.— The construction contended for by plaintiff is clearly in violation of the constitutional provision (art. 16, § 8) that municipal corporations taking private property for public use

as highways, etc., shall, before such taking, pay or secure just compensation for the same. In this case not only would the turnpike company's property have been taken without compensation, but the company would have been saddled with the liability to keep the sidewalk in repair or to remove it. Chartiers & R. Twp. Turnp. Road Co. v. Nester, 4 Sad. Rep. 110.

We do not dispute the proposition that the legislature may authorize the building of a railroad upon a public road; no private rights are necessarily thereby affected, and the public interests are sufficiently protected by the provision that the road so destroyed must be relocated and reconstructed by the roailroad company at its own expense.

The citation by counsel in Chartiers & R. Twp. Turnp. Road Co. v. Nester, 4 Sad. Rep. 110, of Hoeveler v. Pittsburgh, No. 2, October and November term, 1872, supplies us with no sufficient statement of facts, but a reasonable inference from the reading of the special act authorizing the paving of a part of Greensburg turnpike is that this part of the turnpike had already been surrendered by the company.

It is also to be observed that the act authorizes the widening and paving of the turnpike, and not the narrowing of the same. But whatever the facts in this case, so far as its doctrine conflicts with the latter case of Wilson v. Allegheny City, 79 Pa. 272, it may be regarded as overruled.

To create a valid municipal lien for improving a street, the improvement must be made in pursuance of law, and the mode prescribed by statute or ordinance must be strictly followed. Western Pennsylvania R. Co. v. Allegheny, 92 Pa. 100. See also Reilly v. Philadelphia, 60 Pa. 467; Mauch Chunk v. Shortz, 61 Pa. 399; Fell v. Philadelphia, 81 Pa. 58.

PER CURIAM:

The borough of Milesburg had no power to order the paving of footwalks on the roadway of the turnpike company. The act of May 22, 1883, gave the municipality this power as to "lands abutting on and along the sides of turnpike roads," but did not authorize it to interfere with the corporate franchise of the companies owning such roads. It is, therefore, clear that the borough ordinance, providing for the paving in controversy, is *ultra vires* and void.

The judgment is affirmed.